*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

MATTHEW ANTHONY JONES,

Defendant-Appellant.

UNPUBLISHED
October 13, 2025
10:58 AM

No. 370435
Genesee Circuit Court
LC No. 2021-048013-FH

Before: GADOLA, C.J., and MURRAY and YATES, JJ.

PER CURIAM.

Defendant, Matthew Anthony Jones, appeals as of right his jury-trial convictions of assault with a dangerous weapon (felonious assault), MCL 750.82, and possession of a firearm during the commission of a felony (felony-firearm) second offense, MCL 750.227b(1). We affirm.

## I. FACTS

On April 5, 2021, the victim, defendant's girlfriend, called 911 in response to an argument between her and defendant. The police advised them to separate from each other; no one was placed under arrest and the police left. A few hours later, the couple continued to argue. The victim was in the kitchen when defendant went up to her, put a gun to her head, and said "shut the fuck up bitch," and threatened to kill her. The gun touched the victim's temple. Defendant then left the apartment and the victim called 911 again. The police arrived at the apartment and the victim told them what happened. Soon after, defendant was pulled over nearby and placed under arrest for felonious assault and domestic violence. The police asked defendant if he had any weapons in the car and defendant said yes, he had a .22 pistol in the car. The police searched the car and found a .22 caliber pistol on the floor of the vehicle's passenger side. The gun had one live round in the chamber and another live round in the magazine.

Defendant was charged with felonious assault, MCL 750.82, two counts of felony-firearm second offense, MCL 750.227b(1), carrying a concealed weapon, MCL 750.227(2), possession of a firearm by a felon, MCL 750.224f, and domestic violence, MCL 750.812. Following a jury trial, defendant was found guilty on all counts. Defendant was sentenced as a fourth-offense habitual offender, MCL 769.12, to 58 months to 15 years' imprisonment for felonious assault, concurrent

terms of 5 years' imprisonment for each count of felony-firearm, 76 months to 20 years' imprisonment for carrying a concealed weapon and possession of a firearm by a felon, and 93 days in jail for domestic violence, with credit for 147 days served in jail. Defendant now appeals.

## II. SUFFICIENCY OF THE EVIDENCE

On appeal, defendant argues there was insufficient evidence to convict him of felonious assault and felony-firearm. We disagree.

This Court reviews a defendant's challenge to the sufficiency of the evidence de novo. *People v Miller*, 326 Mich App 719, 735; 929 NW2d 821 (2019). "We review the evidence in the light most favorable to the prosecution to determine whether a rational trier of fact could find that the prosecution proved the crime's elements beyond a reasonable doubt." *Id*. This Court is required to draw all reasonable inferences from the evidence and "make credibility choices in support of the jury verdict." *People v Oros*, 502 Mich 229, 239; 917 NW2d 559 (2018). "Circumstantial evidence and reasonable inferences arising therefrom may constitute proof of the elements of the crime." *People v Head*, 323 Mich App 526, 532; 917 NW2d 752 (2018) (quotation marks and citation omitted).

The elements of felonious assault are (1) an assault, (2) with a gun or other dangerous weapon, (3) without intending to commit murder or to inflict great bodily harm less than murder. MCL 750.82. "A conviction for felonious assault does not require an actual injury." *People v Garnes*, 316 Mich App 339, 343; 891 NW2d 285 (2016). The elements of felony-firearm are (1) carrying or possessing a firearm, (2) when committing or attempting to commit a felony. MCL 750.227b.

Defendant claims there was no physical evidence to support his convictions for felonious assault and felony-firearm. This claim is without merit. The prosecution presented physical evidence and witness testimony to prove the elements of felonious assault and felony-firearm beyond a reasonable doubt. The victim testified that, during an argument between her and defendant, defendant put a small gun to her head and threatened her. The victim called 911. About thirty minutes later, defendant was detained by police. Defendant admitted he had a gun in the car, and the police found a .22 caliber pistol in the car. Defendant argues the victim's testimony was confusing and difficult to follow. The victim's testimony was clear that defendant put a gun to her head, and her testimony was consistent with what she told the police. The evidence established that defendant committed an assault with a gun without intending to commit murder or to inflict great bodily harm less than murder. See MCL 750.82. The evidence also established that defendant possessed a firearm when committing a felony. MCL 750.227b.

While defendant is correct that the police did not test for DNA or lift fingerprints from the gun, that is not necessary for a jury to find defendant committed a felonious assault with the gun. The gun was found in defendant's possession thirty minutes after the victim called 911 in response to the assault. The jury reasonably inferred that the gun found in defendant's car was the same gun he assaulted the victim with. See *Head*, 323 Mich App at 532. Defendant also argues that because the prosecution did not introduce any evidence of an injury, there was insufficient evidence to convict him of felonious assault. However, injury is not an element of felonious assault, so the prosecutor was not required to introduce any evidence of an injury. *Garnes*, 316

Mich App at 343. Therefore, there was sufficient evidence to prove the elements of felonious assault and felony-firearm beyond a reasonable doubt.

Affirmed.

/s/ Michael F. Gadola
/s/ Christopher M. Murray
/s/ Christopher P. Yates